## WALKER et al. v. STATE ex rel. DABNEY, Atty. Gen.

No. 19635.   Opinion Filed Nov. 25, 1930.

Herman M. Shirley, for plaintiffs in error.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for defendant in error.

HEFNER, J.   The state of Oklahoma ex rel. Edwin Dabney, Attorney General of the state of Oklahoma, the defendant in error herein, as plaintiff, brought this action in the district court of Blaine county, Okla., against L. H. Walker and R. A. Green, plaintiffs in error herein, as defendants. The defendants were county commissioners of that county.  The object of the suit was to remove them from office. The case was tried to a jury and a verdict was returned by it finding the defendants not guilty. Thereupon the state filed its motion for a new trial, and upon a hearing thereon the court sustained the motion and granted a new trial. The defendants have brought the case here to review the action of the district court in granting the new trial.

The question raised by this appeal is whether or not the court had authority to grant a new trial. It is the position of the plaintiffs in error that the action asking to remove them from their offices is of such a criminal nature that the verdict of the jury was decisive of the case and a final disposition of the same.

In disposing of this case it must be borne in mind that the defendants were charged by complaints filed by the Attorney General of the state of Oklahoma under the provisions of chapter 7, art. 4, C. O. S. 1921, and particularly that portion thereof incorporated in sections 2411 to 2425, inclusive.

Our statutes provide for three methods for the removal of public officers not subject to impeachment. The first is by an accusation returned by a grand jury. The procedure in this class of cases is found in sections 2395 to 2406, C. O. S. 1921, inclusive. In the second class the procedure is by the board of county commissioners, and if the accusation is against them, then the accusations must be presented by the county judge and the county treasurer. The procedure for removal by the county commissioners is found in sections 2407 to 2409, C. O. S. 1921. The third method is a procedure by the Attorney

General, and this procedure is provided for in sections 2411 to 2425, C. O. S. 1921.

The defendants were proceeded against under the third method, or by the Attorney General in the name of the state of Oklahoma, in accordance with the provisions of sections 2411 to 2425. Section 2411 is as follows:

"All state officers not subject to impeachment under section 1, art. 8, of the Constitution, and all county, city, and municipal officers may, in addition to the methods now and causes provided by law, be removed from office as herein provided."

This section specifically provides that all officers not subject to impeachment may, in addition to the methods and the causes already provided by law, be removed from office in accordance with the provisions of section 2411 et seq., supra.

Section 2412 gives certain courts jurisdiction; 2413 defines official misconduct; 2414 defines the duty of the Attorney General; 2415 provides for a speedy trial; 2416 provides for the issuance of a summons which shall command the defendants to appear and answer within 20 days of service thereof. The petition and answer constitute the only pleadings allowed, and all allegations in the answer shall be deemed controverted and any and all questions as to the sufficiency of the petition shall be raised and determined upon the trial of the cause; 2417 provides for a judgment of ouster; 2419 provides that all actions under the provisions of the act shall be commenced in the name of the state of Oklahoma on the relation of the Attorney General of the state. Under section 2423, either party is entitled to a trial by a jury; 2425, among other things, provides that nothing in the act shall relieve the state of the burden of proving the allegations against the accused by a preponderance of the evidence.

These statutes which provide for the removal of officers constitute a special proceeding and create a remedy for relieving the public of unfaithful officers.

A proceeding under these statutes for the removal of the county commissioners from office is not a criminal proceeding against them, but is a special proceeding. The Legislature has authority to provide for removal in this manner and to provide the procedure therefor. The trial court upon a verdict of acquittal of the accused had jurisdiction to grant a new trial, and its judgment in so doing is affirmed.

MASON, C. J., and LESTER, V. C. J., and RILEY, HUNT, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent.